**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Erick AGUILAR–ESPINOZA,**
**Defendant–Appellant.**

**No. 11–50282.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 21, 2012.*

Filed Feb. 24, 2012.

Bruce R. Castetter, Assistant U.S., Robert Steven Huie, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Harini P. Raghupathi, Esquire, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

MEMORANDUM **

Erick Aguilar–Espinoza appeals from the 24–month sentence imposed following his jury-trial conviction for importation of marijuana, in violation of 21 U.S.C. §§ 952, 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Aguilar–Espinoza contends that the district court erred in denying him a minor role adjustment under U.S.S.G. § 3B1.2(b). The district court did not clearly err in determining that Aguilar–Espinoza failed to carry his burden of establishing that he was "substantially less culpable" than his uncharged co-conspirator. *See* U.S.S.G. § 3B1.2, cmt. n. 3(A); *United States v. Awad,* 371 F.3d 583, 591 (9th Cir.2004) (defendant bears the burden on entitlement to adjustment); *United States v. Hursh,* 217 F.3d 761, 770 (9th Cir.2000) (denial of a minor role adjustment not clear error where the defendant was the sole driver and occupant of a car in which a substantial amount of drugs were hidden).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.